

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6664

Re: Whether the commissioners'
court of Colorado County
can use ad valorem taxes
donated to the Colorado
County Flood Control Dis-
trict for purposes other
than flood control, such
as the construction and
maintenance of bridges
and county roads.

Your request for opinion on the captioned subject
encloses a letter from H. Buescher, County Judge of Colorado
County, which reads as follows:

"The 49th Legislature passed a Flood Con-
trol Act for Colorado County which provides that
one-half of the State ad valorem tax be donated
to the county to be used in connection with flood
control. I am concerned about the purposes for
which this money may be expended in Colorado
County.

"Paragraph C of Section 1 provides as fol-
lows:

"'(c) For a period of ten (10) years, com-
mencing with September 1, following the adoption
of this Act there is hereby donated and granted
by the State of Texas to the Colorado County
Flood Control District one-half (½) of the state
ad valorem taxes collected for general revenue
purposes upon the property and from persons in
Colorado County, which taxes when collected shall
be used by the said county for the purposes of
preventing the continued public calamity, caused
by great floods, and to construct improvements to
control flood waters in the said county for the

Honorable George H. Sheppard, page 2

protection of life, property, soil, forests, and
public highways lying within the said county.'

"Section 2 provides further:

"'The Commissioners Court of each county, in
their discretion, may utilize the tax funds donat-
ed and granted by the State of Texas for the con-
struction of flood control improvements and other
improvements; the maintenance and operation there-
of; or may deposit the same in a sinking fund to
pay interest on and to redeem the bonds of the
respective flood control districts of the respec-
tive counties.'

"Section 3 provides for the issuance of bonds,
but we are not contemplating the issuance of bonds.

"As provided in Section 2, second paragraph,
is the Commissioners Court authorized to spend
this money for other purposes than flood control,
such as the construction and maintenance of
bridges and the construction and maintenance of
county roads?"

The Colorado County Flood Control District was cre-
ated by Acts 1941, 47th Legislature, page 568, Chapter 361,
Article IV. Section 1 of such Act contains this provision:

"Such district shall be a governmental agency
and body politic and corporate, with the powers of
government and with the authority to exercise the
rights, privileges, and functions hereinafter
specified, the creation and establishment of such
District being essential to the accomplishment of
the purposes of Section 59 of Article XVI of the
Constitution of the State of Texas, as amended,
including the control, storing, preservation, and
distribution of the storm waters of the rivers and
streams in Colorado County and their tributaries,
for domestic, municipal, flood control, irrigation,
and other useful purposes, the reclamation and
drainage of the overflow land of Colorado County,
the conservation of forests, and to aid in the
protection of navigation on the navigable waters
by regulating the flood and storm waters that
flow into said navigable streams."

Honorable George H. Sheppard, page 3

The Act creating the district and Section 59 of Article XVI of the Constitution delimit the powers of the Flood Control District. Of necessity it can have no powers extending beyond them.

Section 1 of the Act creating the District further provides:

"The Commissioners Court of Colorado County, Texas, is hereby designated as the governing body of such District and the agency through which the management and control of the District shall be administered, and it is hereby empowered to do any and all things necessary to carry out the aims and purposes of this Act."

It is perhaps this provision which has confused the Commissioners of Colorado County, and the County Judge. Districts like the Colorado County Flood Control District are governmental agencies and bodies politic and corporate, separate and distinct from the County. 44 Tex. Jur. 262, Sec. 176. The Commissioners' Court of Colorado County is entrusted with the management and control of the affairs of the Flood Control District, but are not thereby given carte blanche in the expenditure of the District's moneys. In dealing with matters of the District, the Commissioners' Court members are acting in a fiduciary capacity, and are strictly accountable therefor.

The Legislature did not, by this Act of donation, make a gift of State ad valorem taxes to the County of Colorado. This is evident from the Act itself. The caption of this Act (Acts 1945, 49th Legislature, Chapter 364, page 654), is as follows:

"An Act declaring the floods of Colorado County . . . . to be a public calamity; . . . authorizing a donation and grant to Colorado County Flood Control District of one-half (½) of the State ad valorem taxes collected in Colorado County; providing that such taxes donated to shall be used for flood control improvement and maintenance purposes; . . ."
(Emphasis ours)

Colorado County is not authorized to use any portion of the taxes remitted by the State for any purpose. The clear import of the Act of donation is that the Legislature

intended to assist the District (not the County) in the construction and maintenance of flood control improvements to control the flood waters in said county. The direction to the Commissioners' Court contained in Section 2, which is quoted in the letter of the County Judge, is to them <u>as the governing body of the District</u>.

The quoted part of Section 2 allows use of the donated taxes "for the construction of flood control improvements <u>and other improvements</u>; the maintenance and operation thereof." The "other improvements" referred to are improvements of like character. That is to say, the rule of ejusdem generis is controlling in the construction of that term, and the donated taxes cannot be used for some purpose not related to the problem of flood control. This construction is further substantiated by the caption of the Act of donation wherein it appears "that such taxes donated shall be used for flood control improvement and maintenance purposes."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Arthur L. Moller*

Arthur L. Moller
Assistant

APPROVED AUG 31, 1945

ATTORNEY GENERAL OF TEXAS

ALM:db



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN